**PIT CONSTRUCTION COMPANY,**
Appellant,

v.

**Kent HOLMAN, Appellee.**

**No. 6997.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 6, 1969.

Barnes & Barnes, Beaumont, for appellant.

Addington & McGraw, Jasper, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court overruling Defendant's plea of privilege. No findings of fact or conclusions of law were made by the trial court. The parties will be referred to here as they were in the trial court.

Plaintiff (Holman) brought this action against defendant (Pit Construction Company) for property damage to a truck and some cattle. Plaintiff alleged: This damage occurred when his truck loaded with cattle turned over while traveling on the shoulder of a highway being repaired by defendant. That defendant was engaged in repairing the highway under a contract with the Texas State Highway Depart-

ment. That plaintiff's damages were proximately caused by the negligence of defendant as follows:

"1. In failing to provide a safe place for the plaintiff's agent to drive the truck and trailer on the occasion in question by the detour route.

"2. By being required to drive the truck and trailer over an area that was unsafe to drive because of the slope of the shoulder.

"3. By being required to drive the truck and trailer over an area where it was unsafe to drive because of the soft condition of the shoulder.

"4. In failing to allow the vehicle of plaintiff's agent to proceed on another route which was safe to drive.

"5. In failing to advise the plaintiff's agent of the condition of the shoulder of the road.

"6. In creating a dangerous situation for trucks loaded with heavy loads such as the plaintiff's by not leaving the asphalt shoulder unobstructed.

"7. In hiring and using a flagman to warn and instruct traffic who was mentally incapable of performing the duties of flagging traffic and carrying out the instructions for the traveling public which he was given by his employer.

\*　\*　\*　\*　\*　\*

"9. In advising the plaintiff to drive on the dirt shoulder of the road rather than the asphalt shoulder.

"10. In failing to allow the plaintiff's vehicle to proceed on the main highway rather than the shoulder of the road."

Defendant prayed in its plea of privilege that the suit be transferred to Angelina County, the county of its residence. Plaintiff alleged in his controverting affidavit that venue should be maintained in Jasper County, where this suit was filed, under Exceptions 9 and 9a of Article 1995 Vernon's Ann.Civ.St.

Defendant's first point of error is that the trial court erred in overruling its plea of privilege because it owed no duty to plaintiff. The contract between the State and this defendant was offered in evidence. A portion of item 7.7 reads as follows:

"7.7. PUBLIC SAFETY AND CONVENIENCE. The safety of the public and the convenience of traffic shall be regarded as of prime importance. Unless otherwise shown on plans or except as herein provided, all portions of the highway shall be kept open to traffic. It shall be the entire responsibility of the Contractor to provide for traffic along and across the highway as well as for ingress and egree to private property all as specified herein, as shown on plans or as directed by the Engineer.

\*　\*　\*　\*　\*　\*

"During construction of proposed structures, unless otherwise shown on plans, the Contractor shall provide and maintain detours including temporary structures or crossovers of adequate [sic] structural design as may be required for the safety and convenience of the traffic. \*　\*　\*"

A portion of the "General Notes and Specification Data" also a part of the contract between the State and defendant reads as follows:

"Item 7: The State Highway will maintain said highway and its appurtenances except those portions damaged by the Contractor's forces. Any damage done by the Contractor's forces shall be immediately repaired by the Contractor at his entire expense."

The evidence shows: Plaintiff's truck had two decks, and when involved in this accident, had 75 head of cattle loaded on the bottom deck and 50 on the top deck. That when plaintiff's truck reached the construction area, it was stopped by a flag-

man employed by defendant. This flagman told plaintiff's truck driver to proceed but to keep to the right on the shoulder of the road. The highway under repair had two lanes, both of which were torn up, and had an asphalt shoulder about 3 or 4 feet wide. There were flares along the asphalt shoulder which took up another foot of the shoulder. Plaintiff's truck driver asked the flagman if any trucks had been through there and was told: "Yes, it would be all right to go." The truck was being driven as closely as it could be to the flares with the left wheels on the paved shoulder and the right wheels on the dirt shoulder, about 5 miles an hour, when it turned over on its right side. The truck driver looked at the ground after getting out of the truck and found that the slope was steeper than it appeared to be from his position in the cab, and also that the truck hit a little washout place (on the dirt shoulder), which gave down under the weight of the truck.

This accident occurred about noon in "broad open daylight."

It is argued by defendant that the shoulder of the highway was an appurtenant part of the highway, and that inasmuch as the State Highway Department had the responsibility of maintaining the highway appurtenances, that there was no duty on the part of this defendant in regard to the shoulder of the road where this accident occurred.

The contract between this defendant and the State Highway Department, as fully set forth above, stated:

"It shall be the entire responsibility of the Contractor [defendant] to provide for traffic along and across the highway. * * *"

and

" * * * the Contractor [Defendant] shall provide and maintain detours * * as may be required for the *safety* and convenience of the traffic * * *" (Emphasis supplied).

■ Further, defendant furnished the flagman, who, according to the evidence set forth above, directed the driver of plaintiff's truck to drive on that portion of the shoulder upon which the accident occurred. We have concluded that the pleadings and evidence support implied findings by the court that the defendant owed a duty to the traveling public and to plaintiff, under the circumstances of this case, to exercise ordinary care to provide a safe place for the truck to be driven, or to warn plaintiff of the danger of driving on the shoulder of the highway, or to direct plaintiff's driver to some place at which plaintiff's truck could have passed safely. John F. Buckner & Sons v. Allen (Austin, Tex. Civ.App.1956, no writ) 289 S.W.2d 387. This point is overruled.

■ Defendant's second point of error is that the plea of privilege should not have been overruled because plaintiff's truck driver had adequate warning of any existent danger. Defendant cites Halepeska v. Callihan Interests, Inc., (Tex.Sup.Ct., 1963) 371 S.W.2d 368, and Delhi-Taylor Oil Corp. v. Henry (Tex.Sup.Ct., 1967) 416 S.W.2d 390, as authority for this contention. These cases do not control the present case because we have implied findings by the court that even though all of the warning signs erected by defendant put plaintiff's truck driver on notice that there was road construction in the area, that such driver did not know and appreciate the danger of driving on the shoulder, and therefore there was a duty to warn of the particular danger. This is true especially in view of the evidence that defendant's flagman told plaintiff's truck driver it would be all right to drive on the shoulder. The point is overruled.

■ Defendant's last point of error is that the trial court erred in overruling its plea of privilege, because defendant performed its work in accordance with its contract with the Texas Highway Department. Mr. Smith, the resident engineer for the State Highway Department for Jasper-

Newton Counties testified that he did not know of any violation of the contract provision by defendant, and that to his knowledge, defendant did not fail to comply with any requirements of the State of Texas.

This is not a suit between Defendant and the State of Texas based upon breach of contract. The testimony of Mr. Smith, as above set forth, would not relieve defendant of its responsibility to plaintiff as found by this court under the first point of error. This point is overruled.

Affirmed.